# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN KELTY, | : | |
|     Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-1802 |
| | : | |
| SUPERINTENDENT LOCKETT et al., | : | |
|     Respondents. | : | |
| | : | |

## Order

YOHN, J.

And now, this _____ day of January 2008, upon careful consideration of Steven Kelty's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 3), defendants' response thereto, and the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi,[1] it is hereby ORDERED that:

    1.    The Report and Recommendation of United States Magistrate Judge Peter B.

---

[1] Petitioner did not file objections to the Report and Recommendation. When a party has not filed objections to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report and recommendation before accepting it. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."). However, even in the absence of objections "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). The judge should review the dispositive issues because "[t]he authority and the responsibility to make an informed, final determination . . . remains with the judge." *Mathews v. Weber*, 423 U.S. 261, 271 (1976). I thoroughly reviewed the record and the dispositive legal issues raised by the § 2254 petition, and I agree with the magistrate judge's analysis and conclusions.

      Scuderi is APPROVED and ADOPTED.[2]

3.      The petition for writ of habeas corpus is DENIED.

4.      Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, there is no ground to issue a certificate of appealability.

5.      The Clerk shall CLOSE this case for statistical purposes.

                                                        s/ William H. Yohn Jr.
                                                      William H. Yohn Jr., Judge

---

[2] Whether or not a party has filed objections, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). I add two conclusions to the Report and Recommendation's analysis of Petitioner's claim that the trial court erred by refusing to investigate an apparent breakdown in the relationship between Petitioner and his retained trial counsel. The breakdown involved issues that had led Petitioner to ask counsel to withdraw, but that had not led Petitioner either to file a formal motion requesting counsel's withdrawal or to raise the issue informally before the court. First, no "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), creates an obligation of a trial court to conduct such an investigation. Second, in its opinion denying Petitioner's PCRA petition, the trial court found that even if the court had known why Petitioner wanted trial counsel to withdraw, it would have denied Petitioner's request. This "determination of the facts in light of the evidence presented in the State court proceeding" is not unreasonable. *See id.* § 2254(d)(2).